IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PNC Bank, National Association,

    Plaintiff,

  v.

Pan Optic Imaging LLC, *et al.*,

    Defendants.

Case No. 24 C 1762

Judge Jorge L. Alonso

## **Order**

The Court has received Plaintiff PNC Bank's complaint, which contains jurisdictional deficiencies that must be resolved before this case can proceed.

Plaintiff claims this Court has subject-matter jurisdiction over this case based on 28 U.S.C. § 1332, which grants the Court jurisdiction over a civil action in which the matter in controversy exceeds $75,000 and the case is between "citizens of different states." 28 U.S.C. § 1332(a). This requires "complete diversity" of citizenship, meaning that "no defendant may share the same state citizenship as any plaintiff." *Big Shoulders Cap. LLC v. San Luis & Rio Grande R.R.*, 13 F.4th 560, 571 (7th Cir. 2021). As the party attempting to invoke the Court's jurisdiction, Plaintiff carries the burden of proving the citizenship of each party, and "may not merely allege diversity of citizenship without identifying the defendants' states of citizenship." *See Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018).

Plaintiff alleges that Defendant Pan Optic Imaging LLC "is an Illinois limited liability company with its principal place of business located [in Illinois]." (Compl. ¶ 2, ECF No. 1.) "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007); *see also Calchi v.*

*TopCo Assocs., LLC*, No. 22-cv-747, 2023 WL 3863355, at *2 (N.D. Ill. June 7, 2023) ("A corporation is a citizen where it is incorporated and where it has its principal place of business. That's not the case with an LLC."). Thus, Pan Optic's citizenship "must be traced through however many layers of partners or members there may be" and "[f]ailure to go through all the layers can result in dismissal for want of jurisdiction." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). Plaintiff has not identified Pan Optic's members or their citizenship, thus failing to show diversity to support subject-matter jurisdiction in this case.

Plaintiff also alleges that Defendants Dena Suhail and Sameer Suhail are citizens of Illinois who, "upon information and belief, reside[]" in Illinois. (Compl. ¶¶ 3–4.) Citizenship for a natural person is premised on the person's domicile, not residence, and jurisdictional allegations may not be based on "information and belief," though the Court credits Plaintiff's allegation that each of these defendants "is a citizen of the State of Illinois." *See Guaranty Nat. Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) ("When the parties allege residence but not citizenship, the court must dismiss the suit."); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("[C]itizenship means domicile, not residence."); *Tuholski v. Delavan Rescue Squad, Inc.*, No. 13-1093, 2013 WL 4052611, at *2 (N.D. Ill. Aug. 12, 2013) ("An allegation based upon information and belief is insufficient to establish diversity of citizenship jurisdiction." (internal quotation marks and citations omitted)). Plaintiff therefore should supplement its jurisdictional allegations regarding Dena Suhail and Sameer Suhail to ensure they are based domicile rather than residence and not based on information and belief.

The Court accordingly orders Plaintiff to submit a supplemental jurisdictional statement addressing Defendants' citizenship within 21 days. Failure to do so may result in dismissal of this case for lack of subject-matter jurisdiction.

**SO ORDERED.**                                          **ENTERED: March 7, 2024**

_____
**HON. JORGE ALONSO**
**United States District Judge**